FILED
 2013 Oct-11  AM 11:42
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| GMAC INSURANCE ONLINE, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 2:13-CV-1126-VEH ) ) |
| MILTON BELL, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The above-entitled civil action is before the court on the plaintiff's Application for Default Judgment Against Defendant Milton Bell. (Doc. 9). The plaintiff seeks a judgment by default against defendant Milton Bell, with respect to all claims alleged in its complaint.

GMAC Insurance Online, Inc. ("GMAC") filed the complaint in this action on June 13, 2013. In its complaint, GMAC alleges that it had issued a personal automobile liability insurance policy to Bell (the "GMAC policy"), number 1006235436A01, with effective dates of coverage from May 17, 2011, to October 31, 2011. (Doc. 1 at 3). The listed vehicles on the GMAC policy were a 2008 Cadillac DTS and a 2002 Chevrolet Avalanche. (Doc. 1 at 3). The policy contains an

exclusion of liability coverage, including the duty to defend, to "any person while employed or otherwise engaged in the business of: . . . repairing [or] or servicing . . . vehicles designed for use mainly on public highways." (Doc. 1 at 5)

On September 29, 2011, Bell was operating a 2003 Honda Accord vehicle owned by his daughter, Mia Bell Grissett, when he was involved in an accident. (Doc. 1 at 2). Bell had possession of the vehicle as he was in the process of repairing it. (Doc. 1 at 3). Bell owns and operates an automobile repair business known as Bell Collision. (Doc. 1 at 3-4). Bell Collision is not an insured under the GMAC policy. (Doc. 1 at 4). The accident occurred as Bell was driving from a paint store where he had taken the vehicle to have its paint matched as part of the repair process. (Doc. 1 at 4-5). Bell collided with a motorcycle being driven by Pamela Layton, who suffered personal injuries.

Grissett's vehicle was not a vehicle listed on the GMAC policy. (Doc. 1 at 3). It was insured by Esurance Insurance Company ("Esurance"), through a policy issued to Noel Grissett (the "Esurance policy"). (Doc. 1 at 3).[1] The "omnibus clause" in the Esurance policy made it the primary policy for liability coverage to Bell. (Doc. 1 at 3). The summons and complaint were served on Bell on September 12, 2013. (Doc.

---

[1] In *Esurance Insurance Company v. Grissett, et al.,* CV-12-VEH-0963-S (N.D. Ala.), this court adopted the magistrate's report and recommendation holding that there was no coverage under the Esurance policy. (See doc. 36 at 2 in CV-12-VEH-0963-S).

2

7).  On October 8, 2013, after Bell failed to appear, answer or otherwise defend, GMAC filed the instant application.  (Doc. 9).  The Clerk's entry of default against Bell occurred on October 9, 2013.  (Doc. 11).

As support for its Motion for Default Judgment filed August 8, 2013, GMAC has submitted the affidavit of Travis G. McKay, Jr., the attorney of record for GMAC. (Doc. 10-1).  The affidavit establishes that Bell is not a minor, nor in the military, and is not incompetent. (Doc. 10-1 at 2.)  Attached to the complaint is the GMAC policy. (Doc. 1-1).

## I.   ANALYSIS

Rule 55, Fed.R.Civ.P., provides in pertinent part:

(a) **Entering a Default.**  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) **Entering a Default Judgment.**

\* \* \* \* \*

(2) **By the Court.**  In all other cases, the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing.  The court may conduct hearings or make referrals — preserving any federal statutory right to a jury trial — when, to enter or effectuate judgment, it

needs to:

> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Fed.R.Civ.P. 55.

Because default has been entered against Bell, the allegations of the plaintiff's complaint are taken as true and defendant's liability is established. *See, e.g., AutoTec, L.L.C. v. Auction Access Auto, Inc.*, 2:12-cv-00896-RDP, 2012 WL 2357951, at *2 (N.D.Ala. June 18, 2012) ("Upon default, the well-pleaded allegations of a complaint are taken as true. Because Defendants have previously been declared in default . . . their liability is established.") (internal citations omitted); *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 (3d ed. 1998) ("If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

The court's analysis of GMAC's Motion for Default Judgment involves a two-step process. First, the court must satisfy itself that it has jurisdiction over the parties and the subject matter of the lawsuit. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (holding that district courts "always have an obligation to

examine *sua sponte* their jurisdiction before reaching the merits of any claim"). Second, the Court must ensure that GMAC has satisfied the elements of Rule 55, Fed.R.Civ.P., and is entitled to the default judgment it seeks. *See Nishimatsu Constr. Co v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)[2] (explaining that "a defendant's default does not in itself warrant the court entering a default judgment" and that "[t]here must be a sufficient basis in the pleadings for the judgment entered").

### A.  Jurisdiction

#### 1.  *Personal Jurisdiction*

It is an elementary requirement that personal jurisdiction must be established in every case before a court has power to render any judgment. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982).  A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. *Royal Lace Paper Works v. Pest-Guard Prods.*, 240 F.2d 814, 816 (5th Cir. 1957). The record establishes that defendant Bell was served with a summons and copy of the complaint on September 13, 2013.  (Doc. 7).  Accordingly, the court finds that it

---

[2] All decisions of the former Fifth Circuit handed down prior to September 30, 1981, constitute binding precedent on this Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

has personal jurisdiction over the parties.

## 2.   *Subject Matter Jurisdiction*

For federal courts sitting in diversity, as is the case here, subject matter jurisdiction exists if the suit is between "Citizens of different States" and "the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332. GMAC alleges in the complaint that it is an insurance company organized under the laws of North Carolina with its principal place of business in Winston-Salem, North Carolina. (Doc. 1 at 1). GMAC alleges, upon information and belief, that Bell is a citizen of the State of Alabama. (Doc. 1 at 2). Since defendant has defaulted, these allegations are deemed to have been admitted and the court therefore finds that this suit is between "Citizens of different States."

GMAC's complaint alleges that the amount in controversy exceeds $75,000.00. (Doc 1 at 1). Since this allegation is deemed to be admitted, the court finds that the amount in controversy exceeded $75,000.00, exclusive of interest and costs, at the time the lawsuit was filed.

Because the court finds that this suit is between "Citizens of different States" and "the matter in controversy exceed[ed] the sum or value of $ 75,000, exclusive of interest and costs[,]" at the time the lawsuit was filed, the court is satisfied that it has subject matter jurisdiction to entertain GMAC's Motion for Default Judgment.

### B.     GMAC is Entitled to a Default Judgment Against Bell

Federal Rule of Civil Procedure 55(b)(2) allows the court to enter a default judgment when the Clerk has entered default and the party seeking judgment has applied to the court for a default judgment.  To determine whether the moving party is actually entitled to a default judgment, the court must review the sufficiency of the complaint and its underlying merits.  *See Stegeman v. Georgia*, 290 Fed. App'x 320, 323 (11th Cir. 2008) (citing *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  The law is well-settled that "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact."  *Tyco Fire & Sec.*, 218 Fed. App'x at 863.  However, the Court has "an obligation to assure that there is a legitimate basis for any damage award it enters."  *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2007).

The court finds that GMAC has established that it is entitled to a default judgment against Bell on this action for a declaratory judgment brought under Ala. Code § 6-6-220. "A contract of insurance, like other contacts, is governed by the general rules of contracts." *Twin City Fire Ins. Co. v. Alfa Mut. Ins. Co.*, 817 So. 2d 687, 691 (Ala. 2001). "The court must enforce the insurance policy as written if the terms are unambiguous." *Lambert v. Coregis Ins. Co., Inc.,* 950 So. 2d 1156, 1161 (Ala. 2006).  Here, the Policy expressly excludes coverage when the operator of the

vehicle is "employed or otherwise engaged in the business of: . . . repairing [or] or servicing . . . vehicles designed for use mainly on public highways." (Doc. 1 at 5; doc. 1-1 at 11). "Business" is defined to include "trade, profession, or occupation." (Doc. 1-1 at 7). In interpreting an identical definition of business, the Alabama Supreme Court found that while the definition could have been articulated more clearly, the Court could not say that the definition was ambiguous. *Vallas v. Cincinnati Insurance Co.*, 624 So. 2d 568, 571 (Ala. 1993). Thus, whether there is coverage under the GMAC policy turns on whether Bell was engaged in the trade, profession, or occupation of repairing a vehicle at the time of the accident. Here, it is undisputed that Bell owned and operated an automobile body shop, that Grissett brought her car to Bell to be repaired, and that Bell was in the process of repairing the car when the accident occurred. Given this set of facts, it is clear that Bell was engaged in the trade, profession, or occupation of repairing a vehicle at the time of the accident. *Employers Nat. Ins. Co. v. Hatcher*, 336 So. 2d 1104 (Ala. 1976). As such, under the plain language of the GMAC policy, the exclusion applies.

## II.   CONCLUSION

By separate order:

1. The Application for Entry of Default Judgment of GMAC will be **GRANTED**;

2. **JUDGMENT BY DEFAULT** will be **ENTERED** in favor of plaintiff GMAC and against defendant Bell; and

3. The court will **DECLARE** that GMAC owes no duty to defend or indemnify defendant Milton Bell, under GMAC policy 1006235436A01, for the accident between Bell and Layton, which occurred on September 29, 2011.

**DONE** and **ORDERED** this 11th day of October, 2013.

                                              **VIRGINIA EMERSON HOPKINS**
                                              United States District Judge